# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 576 | **DATE** | 2/29/2012 |
| **CASE TITLE** | Maurice J. McDonald (B42547) vs. Judge Stanley J. Sacks | | |

**DOCKET ENTRY TEXT**

The complaint is dismissed for plaintiff's attempted fraud upon the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (per curiam); *Sloan v. Lesza*, 181 F.3d 858, 859 (7th Cir. 1999). Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and any other pending motions are denied as moot. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Pro se plaintiff Maurice J. McDonald has brought a complaint seeking a writ of mandamus against various state judicial and prosecutorial officials involved in his state criminal prosecution. Plaintiff was found guilty of stabbing Lester Coats, a drug dealer from Chicago's Southside, and his girlfriend, Brenda Robertson, in February 1983. *United States ex rel. McDonald v. Hulick*, No. 06 C 5762, 2007 WL 967934, at *1 (N.D. Ill. Mar. 28, 2007) (citing *Illinois v. McDonald*, 660 N.E.2d 832 (Ill. 1995)). He also stole their money, jewelry and food stamps. *Id*. Petitioner was sentenced to death and 60 years imprisonment for the murder and robbery convictions, respectively. *Id*. The death sentence was commuted to life imprisonment as part of the clemency for all Illinois death row inmates by then-Governor George Ryan in 2003. *Id*.

     Plaintiff's petition for a writ of habeas corpus was denied in this Court, *McDonald v. Hulick*, No. 06 C 5762 (N.D. Ill.) (Conlon, J.), and the Seventh Circuit denied his request for a certificate of appealability. *McDonald v. Hulick*, No. 07-1946 (7th Cir. Aug. 9, 2007). He also recently had an unauthorized successive petition dismissed. *McDonald v. Atchison*, No. 11 C 8866 (N.D. Ill. Dec. 6, 2011) (Conlon, J.).

     Plaintiff has been equally unsuccessful in his 42 U.S.C. § 1983 litigation accruing numerous strikes, 28 U.S.C. § 1915(g), in three federal district courts: *McDonald v. Danahy*, No. 92 C 1306 (N.D. Ill. Mar. 19, 1992) (Duff, J.) (Dkt. No. 6); *McDonald v. Neville*, No. 92 C 7492 (N.D. Ill. Dec. 15, 1992) (Moran, J.) (Dkt. No. 7); *McDonald v. Hornyak*, No. 93 C 4779 (N.D. Ill. Sept. 20, 1993) (Andersen, J.) (Dkt. No. 6); *McDonald v. United States District Court*, No. 93 C 5832 (N.D. Ill. Sept. 30, 1993) (Marovich, J.) (Dkt. No. 3); *McDonald v. Burris*, No. 93 C 6548 (N.D. Ill. Jan. 13, 1994) (Holderman, J.) (Dkt. No. 6); *McDonald v. Nevelle*, No. 93 C 7397 (N.D. Ill. Mar. 1, 1994) (Holderman, J.) (Dkt. No. 7); *McDonald v. Illinois*, No. 96 C 8103 (N.D. Ill. July 8, 1997) (Norgle, J.) (Dkt. No. 5); *McDonald v. Suter*, No. 08 C 668 (D.D.C. Apr. 17, 2008) (Dkt. No. 3); *McDonald v. Suter*, No. 08 C 739 (D.D.C. Apr. 29, 2008) (Dkt. No. 3); *McDonald v. Porter*, No. 08 C 342 (S.D. Ill. Feb. 20, 2009) (Dkt. No. 13); *McDonald v. Feinerman*, No. 08 C 395 (S.D. Ill.

| STATEMENT |
|---|

Mar. 12, 2009) (Dkt. No. 11); *McDonald v. Payne*, No. 08 C 921 (S.D. Ill. July 27, 2009) (Dkt. No. 8).

Plaintiff was previously warned that he has accrued three strikes and could not seek leave to proceed *in forma pauperis* unless he was in an imminent danger of serious physical injury. *McDonald v. Payne*, No. 08 C 921 (S.D. Ill. July 27, 2009) (Dkt. No. 8 at 8-9).

Plaintiff's present complaint is another attempt to challenge his 1993 conviction. He claims that he is suffering from false imprisonment and wrongful conviction. As he does not seek his "'immediate or speedier release'" from confinement so his case is considered a 42 U.S.C. § 1983 action governed by the Prison Litigation Reform Act. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Plaintiffs seeks *in forma pauperis* status but his case does not meet the imminent danger requirement. He also fails to disclose his prior litigation history, his three strike warning and has not paid his outstanding past fees. These failures constitute an attempted fraud upon the Court. His case must be immediately dismissed. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (per curiam); *Sloan v. Lesza*, 181 F.3d 858, 859 (7th Cir. 1999).